**LU–ANN BAKERY SHOP, INC., et al., Plaintiffs,**

v.

**Alan NELSON, Commissioner of the Immigration and Naturalization Service, Defendant.**

**Civ. A. No. 88–1120 GHR.**

United States District Court, District of Columbia.

Dec. 21, 1988.

Mark A. Mancini, Wasserman, Mancini & Chang, Washington, D.C., for plaintiffs.

Caroline Morris, Sp. Asst. U.S. Atty., Washington, D.C., for defendant.

## OPINION AND ORDER

REVERCOMB, District Judge.

The case is a an action requesting a declaratory judgment and that the Court set aside defendant's decision to revoke the visa petition of plaintiff Vincenzo Bellomo, who has worked for plaintiff Lu–Ann Bakery Shop, Inc., in New York City. Review is made under the Administrative Procedure Act, 5 U.S.C. § 706. Plaintiffs and defendant have filed cross-motions for summary judgment; oral argument was heard on October 14, 1988. For the reasons stated herein, the Court grants plaintiff's motion for summary judgment, sets aside defendant's decision to revoke its approval of the petition of plaintiff Vincenzo Bellomo, and remands this matter to defendant for further action consistent with this opinion and order.

## I. Facts

Plaintiff Vincenzo Bellomo, who is originally from Bivona, Italy, entered the United States on October 15, 1983, with a visitor visa that allowed him to stay in this country for six months. Plaintiff Lu–Ann Bakery, seeking to employ Mr. Bellomo as a baker, applied on November 3, 1983 for alien employment certification. Plaintiff's app. 30–31. The bakery established a minimum requirement of 18 months experience as a baker for the position. App. 30.

After receiving approval of its application for alien employment certification on November 28, 1984, app. 27, Lu–Ann Bakery on December 5, 1984 filed a petition with the Immigration and Naturalization Service (INS) on behalf of Mr. Bellomo to "Classify Preference Status of Alien on Basis of Profession or Occupation," pursuant to § 203(a)(6) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(6). App. 28–29. To support the petition, plaintiffs supplied a letter dated September 16, 1983 from a Ms. Vasile Giuseppa of Bivona,

Italy. App. 36–37. The letter stated that Mr. Bellomo had worked for her in Bivona "for a period of three years, as a skilled baker." The INS on May 8, 1985 approved the petition, according preference status to Mr. Bellomo. App. 26.

In November of 1985, however, the United States Consulate in Naples, Italy, conducted an investigation of Mr. Bellomo to determine whether his claim of being a baker for three years was accurate. The investigation was conducted by an Italian citizen employed by the United States. The report of this investigation, dated December 5, 1985, noted a number of contradictions to Mr. Bellomo's previously reported history. App. 20–22. The investigator interviewed Ms. Vasile Giuseppa, Mr. Bellomo's former employer, who first told the investigator that she did not recall writing a letter on behalf of Mr. Bellomo, and then, when presented with the letter, admitted only to signing it as a favor to Mr. Bellomo, who actually wrote it, she said. In reality, Mr. Bellomo had worked only one to two hours daily as an apprentice baker for a period of a year to eighteen months, she said, and she did not register Mr. Bellomo's employment as a baker at the city hall. His primary employment, she said, was as a mason or construction worker. The report also noted that records at the city hall in Bivona, Italy, listed Mr. Bellomo as a laborer ("manovale") and mason-carpenter ("carpentiere"). Finally, the report stated that a policeman, a city clerk, and customers in a bar in Bivona stated that they knew Mr. Bellomo to have worked as a mason or carpenter. App. 20–22.

On the basis of this report, the INS on April 18, 1986 issued a notice of intent to revoke the approval of plaintiff Bellomo's petition for preference status. App. 19. An investigation of plaintiff Bellomo revealed, the notice said, that he "does not possess the required one and a half years experience as a baker. [He] is a mason/carpenter by trade." App. 19.

Plaintiff Lu–Ann Bakery responded on May 7, 1986 with a letter to the INS supported by yet a third statement from Ms. Vasile Giuseppa, Mr. Bellomo's former em-

ployer. App. 14–18. A sworn affidavit by the former employer stated that Mr. Bellomo worked as a baker "from the month of October 1980 to the end of September 1983 and that said individual has mastered the professional skill and the experience to make bread and pastries of every kind." App. 15–16. Lu–Ann Bakery offered the explanation that the former employer was reluctant to admit to an Italian investigator that Mr. Bellomo had worked for a significant amount of time for her because this work was done "off the books." App. 14. The letter to the INS also included a certificate from the mayor of Bivona, stating that according to the town's records Mr. Bellomo "has the qualification of artisan." App. 17–18. An artisan, Lu–Ann Bakery suggested, can include a baker. App. 14. Lu–Ann Bakery requested that at "the very least, this matter should be returned for further investigation." App. 14.

Apparently without any further investigation, the INS on June 27, 1986 revoked its approval of Mr. Bellomo's petition for preference status. App. 23–24. "In light of the contradictory statements ... and the lack of any additional evidence clearly establishing that the beneficiary was employed as a baker," the INS's Decision concluded, "the grounds for revocation have not been overcome. The fact that the beneficiary is listed as an 'artisan' on the town registers does not serve to establish prior employment as a baker." App. 24.

Lu–Ann Bakery appealed the revocation on July 1, 1986, arguing that the case be investigated further because of four factors: 1) the discrepancy between the INS's report that Mr. Bellomo was registered as a laborer/carpenter and the mayor's statement that Mr. Bellomo was registered as an "artisan"; 2) that Mr. Bellomo's previous employer had recanted and explained her statements made to the INS investigator; 3) that Mr. Bellomo was successfully working as a baker at Lu–Ann Bakery, thus supporting the evidence he had significant baking experience in Italy; and 4) that the INS revocation implied that Mr. Bellomo did not work as a baker in Italy, even though the INS's own investigative report of December 1985 stated that

Mr. Bellomo's former employer admitted that Mr. Bellomo worked part-time as a baker. App. 7.

The INS dismissed the appeal on August 16, 1986, noting that although Lu–Ann Bakery

> has claimed that [Mr. Bellomo] had previous employment as a baker, no evidence has been submitted other than the contradictory statements by the author of the employment letter. Given the discrepancies in the previous documentation, any such employment could only be proven through contemporary documentary evidence, such as tax records, employment reords, or wage stubs. Mere statements would be insufficient.
>
> Since the evidence submitted does not establish that the beneficiary met the minimum requirements of the job offer when the application for certification was filed, eligibility is not here present.

App. 4–5.

Lu–Ann Bakery on January 12, 1987 moved the INS to re-open its decision to revoke the approval of Mr. Bellomo's petition, arguing that the investigation was incomplete and again providing new documentation to support its position. App. 6. The motion included yet another affidavit from Ms. Vasile Giuseppa, Mr. Bellomo's former employer, stating again that Mr. Bellomo had worked for her as a baker part-time "during the period already indicated." App. 8–10. She explained the "confusion" in her statements to the INS investigator as attributable to the fact that it had been more than two years since Mr. Bellomo stopped working for her and that she had been unable to consult her files. App. 8–10. Additionally, the motion included an affidavit from Mr. Carmelo Panepinto, the police officer specifically mentioned in the INS's report of December 1985, recanting part of his statements to the INS investigator. App. 11–13. Although he had told the investigator that Mr. Bellomo was a carpenter, Mr. Panepinto wrote, most workers in that part of Sicily "work at more than one trade ... depending on ... what other work is available." Indeed, Mr. Panepinto continued, he remembered

later that Mr. Bellomo did work part-time as a baker in Bivona, but that such part-time employment usually is not listed in official records. App. 11–13.

The INS denied the motion to reconsider, noting that the record presented to the INS still contains no contemporary documentary evidence of [Mr. Bellomo's] experience such as tax records, employment records, or wage stubs. Given the discrepancies in the previous documentation and the additional contradictions in the affidavits submitted in support of this motion, mere statements are insufficient. The evidence in the record does not establish the beneficiary met the minimum requirements of the job offer when the application for certification was filed. App. 2–3.

## II. The Law

This Court has authority to review decisions of the INS under the Administrative Procedure Act, 5 U.S.C. § 706(2). The reviewing court must set aside any agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), or found to be "without observance of procedure required by law," 5 U.S.C. § 706(2)(D). Similarly, the reviewing court may compel agency action unlawfully withheld or delayed. 5 U.S.C. § 706(1). In making its review, the court must consider the documents and determinations made by the INS in revoking its approval of the petition on behalf of Mr. Bellomo. 5 U.S.C. § 706(F).

A petitioner who seeks preference status based on previous employment, § 203(a)(6) of the Act, 8 U.S.C. § 1153(a)(6), must meet the requirements set forth by the federal regulations, 8 C.F.R. § 204.2(i)(1). This regulation states that

If the alien's eligibility is based on training or experience, affidavits by the trainers or employers attesting to the training or experience which they provided to the alien must be submitted by the petitioner. These affidavits must … state the places where and the dates between which the alien gained the training or experience, and describe in detail the duties performed by the alien, and tools used, and any supervision received or exercised by the alien. If such afidavits cannot be obtained, the petitioner shall submit an affidavit by the alien beneficiary attesting to the reason therefor, and shall also submit other documentary evidence of the alien's qualifications, such as copies of company records or affidavits by persons other than the alien's trainers or employers….

8 C.F.R. § 204(i)(1). The decision to approve a petition under § 203(a)(6) of the Act, 8 U.S.C. § 1153(a)(6), is made if the facts as stated in the petition are sufficient and found to be true. 8 U.S.C. § 1154(b); 8 C.F.R. § 204.1(d)(4).

Once the INS has approved a petition for preference status, the agency may revoke the approval only for "good and sufficient" cause. 8 U.S.C. § 1155. This requirement has been held to mean that the INS must have "at least … substantial evidence" to justify revoking its decision to approve the petition. *Tongatapu Woodcraft Hawaii, Ltd. v. Feldman,* 736 F.2d 1305, 1309 (9th Cir.1984). However, this requirement does not mean that the agency has to disprove convincingly all of the evidence presented on behalf of the alien; indeed, "once the INS has produced some evidence to show cause for revoking the petition, the alien still bears the ultimate burden of proving eligibility." *Tongatapu Woodcraft Hawaii,* 736 F.2d at 1308.

## III. Conclusions

Plaintiffs make three broad arguments for reversing the agency's decision to revoke the visa petition: 1) there was not "substantial evidence" on the record as a whole to support such an action; 2) the defendant failed to consider and discuss all relevant evidence; and 3) the defendant was in derogation of law in rejecting all but "contemporaneous evidence" as proof of qualifying employment. The Court agrees to an extent with the argument that defendant's handling of the contemporaneous evidence issue was deficient, sets aside the revocation of the approval of the petition for preference status, and remands this

matter to the INS for further action, if desired, consistent with this ruling.

The key to plaintiffs' argument, the Court believes, is that plaintiffs 1) presented to the INS the required affidavit under 8 C.F.R. § 204.2(i)(1) to prove that Mr. Bellomo met the qualification requirements as an experienced baker and 2) refuted by recantations the evidence that Mr. Bellomo did not have the required work experience. Defendant not only failed to accept this sufficient evidence, plaintiffs argue, but required additional "contemporaneous" evidence that was both not legally required and nonexistent. In essence, plaintiffs argue that they have done everything within their power, and everything required by law, to prove that Mr. Bellomo had the required experience, but that defendant failed even to make a determination that the evidence presented was not credible, and instead continued to demand that plaintiffs present contemporaneous evidence of Mr. Bellomo's employment experience.

The Court does not believe that it can or should conclude at this point that the evidence presented on behalf of Mr. Bellomo is credible and that the findings of defendant's investigation that Mr. Bellomo was not qualified are inaccurate. However, the Court does conclude that defendant did not act in accordance with the law by requiring proof of contemporaneous evidence to support the petition, considering that plaintiffs presented sufficient evidence under 8 C.F.R. § 204.2(i)(1) for defendant to make a conclusive determination whether Mr. Bellomo was qualified for preference status.

In revoking Mr. Bellomo's preference status, defendant provided to plaintiffs conflicting justifications for the action. In the notice of intent to revoke sent to Lu–Ann Bakery on April 18, 1986, the INS stated that the petition was to be revoked because Mr. Bellomo was "a mason/carpenter by trade," apparently reflecting the belief that Mr. Bellomo did not have any experience as a baker. App. 19. At that point, however, even the interview of Mr. Bellomo's former employer by the INS investigator included the statement that Mr. Bellomo had worked part-time as a baker. App. 20–22.

In its decision of April 27, 1986, revoking the approval of Mr. Bellomo's petition for preference status, the INS stated that in light of the "contradictory statements … and the lack of any additional evidence clearly establishing that the beneficiary was employed as a baker, the grounds for revocation have not been overcome." App. 24. This letter appears to state that the rationale for revocation was that plaintiffs had not produced sufficient evidence under 8 C.F.R. § 204.2(i)(1), even though plaintiffs *had* produced such evidence, albeit contradicted evidence. Yet the INS did not determine conclusively that Mr. Bellomo did not have the requisite experience. Rather, in its dismissal of the appeal on August 16, 1986, the INS stated that "[g]iven the discrepancies in the previous documentation, any such employment could only be proven through contemporary documentary evidence, such as tax records, employment records, or wage stubs. Mere statements would be insufficient." App. 4–5. Thus, the INS apparently concluded that the presentation of contemporaneous evidence was a requirement to prove Mr. Bellomo's work experience, although the agency already possessed the affidavits required by regulation and was able to determine whether the affidavits were accurate or credible.

Immigration regulations require petitioners to provide "affidavits by … employers attesting to the training or experience which they provided to the alien." 8 C.F.R. § 204.2(i)(1). While the INS is of course free to determine, upon sufficient evidence, that such documentation is not accurate or not credible, the Court concludes that the INS erred by refusing to make such a conclusive determination in Mr. Bellomo's case and by again shifting the burden on him to prove by contemporaneous evidence that he actually had the experience to which the employer had attested. Such a demand was counter to the clear and explicit requirements of 8 C.F.R. § 204.2(i)(1) and placed an additional, significant, and legally unwarranted burden on the petitioner. This burden was especially onerous in Mr. Bellomo's case, in which he consistently alleged that there are no contemporaneous documents of the work experience.

The Court's ruling does not, of course, mean that the INS must accept as true or accurate the affidavits presented by the petitioner, nor does it mean that the INS may not consider as evidence the lack of contemporaneous evidence in its determination whether the petitioner has the requisite experience. What the INS cannot do, however, is deny or revoke a petition because of the fact that contemporaneous evidence has not been presented without making a conclusive determination that the affidavits presented are not accurate or credible or otherwise concluding that the petitioner does not have the requisite experience.

In sum, the Court finds that INS's revocation of the approval of plaintiff Bellomo's petition for preference status was not handled in accordance with the procedure required by law, and that the Court must set aside the revocation, pursuant to 5 U.S.C. § 706(2)(A) and (D).

If it wishes to pursue this matter further, the INS may consider whether to revoke, pursuant to 8 U.S.C. § 1155, Mr. Bellomo's preference status under § 203(a)(6) of the Act, 8 U.S.C. § 1153(a)(6). It may only do so, however, by finding conclusively that Mr. Bellomo did not have the requisite qualifications for preference status under § 203(a)(6), and may not predicate the revocation on the failure of plaintiffs to provide contemporaneous evidence of Mr. Bellomo's previous work experience.

*IV.  Order*

Accordingly, this 21 day of December, 1988, it is

ORDERED that the decision of defendant to revoke the approval of plaintiff Vincenzo Bellomo's petition for preference status is declared unlawful and is SET ASIDE; it is further ORDERED that this matter is remanded to the Immigration and Naturalization Service for further action, if desired, consistent with the accompanying opinion.